IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARCUS PEREZ : CIVIL ACTION
:
v. :
:
DONALD VAUGHN, et al. : NO. 02-4602

REPORT AND RECOMMENDATION

DIANE M. WELSH                                                       October 23, 2002
UNITED STATES MAGISTRATE JUDGE

Presently before the Court is a pro se Petition for Writ of Habeas Corpus filed by Marcus Perez pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated at the State Correctional Institution in Graterford, Pennsylvania. For the reasons which follow, the present petition should be dismissed.

BACKGROUND

On July 11, 1990, petitioner entered a plea of guilty to murder generally, robbery, criminal conspiracy, possession of an instrument of crime, and carrying a firearm on a public street. See Commonwealth v. Perez, No. 3204 EDA 2000, Mem. Op. at 1 (Pa. Super. filed Oct. 16, 2001). Following a degree of guilt hearing, petitioner was convicted in the Court of Common Pleas of Philadelphia County of First Degree Murder. Id.; see also Hab. Pet. ¶¶ 1-4. On September 19, 1990, petitioner was sentenced to an aggregate term of life imprisonment. See Pa. Super. Ct. Op. filed 10/16/01, at 1; Hab. Pet. ¶ 3.

Petitioner filed a direct appeal in the Superior Court of Pennsylvania, and on July 20,

1992, the Superior Court affirmed the judgment of sentence. See Pa. Super. Ct. Op. filed 10/16/01, at 1 (citing Commonwealth v. Perez, 616 A.2d 718 (Pa. Super. 1992) (table)); Hab. Pet. at 6 ¶ 9(a)-(c). His request for allowance of appeal on direct review was denied by the Supreme Court of Pennsylvania on January 27, 1993. See Pa. Super. Ct. Op. filed 10/16/01, at 2 (citing Commonwealth v. Perez, 621 A.2d 579 (Pa. 1993) (table)).

On May 14, 1993, petitioner filed a petition pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S. § 9541-46. See Pa. Super. Ct. Op. filed 10/16/01, at 2; see also Hab. Pet. ¶ 11(a). Counsel was subsequently appointed to represent petitioner, and an amended petition was thereafter filed on petitioner's behalf. See Pa. Super. Ct. Op. filed 10/16/01, at 2. On November 2, 1995, the PCRA Court denied relief. Id.; see also Hab. Pet. ¶ 11(a)(6). Petitioner then appealed to the Pennsylvania Superior Court, and the Superior Court affirmed the denial of petitioner's PCRA petition on December 31, 1996. See Pa. Super. Ct. Op. filed 10/16/01, at 2 (citing Commonwealth v. Perez, 697 A.2d 277 (Pa. Super. 1996) (table)). Petitioner does not appear to have filed a request for allowance of appeal in the Supreme Court of Pennsylvania.[1] See Pa. Super. Ct. Op. filed 10/16/01, at 2; Hab. Pet. ¶ 11.

On April 29, 1997, petitioner filed a second PCRA petition. See Pa. Super. Ct. Op. filed 10/16/01, at 2; see also Hab. Pet. ¶ 11(b). The PCRA Court dismissed that petition on January 12, 1998, and no appeal was filed from the PCRA Court's Order. See Pa. Super. Ct. Op. filed 10/16/01, at 2; see also Hab. Pet. ¶ 11(b).

On May 24, 2000, petitioner filed his third PCRA petition. See Pa. Super. Ct. Op. filed

---

1. Indeed, petitioner appears to acknowledge in his habeas petition that he did not seek allowance of appeal in the Pennsylvania Supreme Court with respect to his first PCRA petition. See Hab. Pet. ¶ 11(d).

10/16/01, at 2.  The PCRA Court thereafter dismissed the petition as untimely on November 7, 2000.  Id. at 2; see Hab. Pet. ¶ 11(c)(6).  On October 16, 2001, the Superior Court affirmed the PCRA Court's dismissal of the petition as untimely filed.  See Pa. Super. Ct. Op. filed 10/16/01, at 7.  The Supreme Court of Pennsylvania denied allowance of appeal on May 7, 2002.  Commonwealth v. Perez, 798 A.2d 1288 (Pa. 2002) (table); see Hab. Pet. ¶ 11(d)(3).

## DISCUSSION

Section 101 of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), amended 28 U.S.C. § 2244 to impose a one-year period of limitation on applications for writs of habeas corpus by persons in state custody.  See 28 U.S.C. § 2244(d)(1).  Under § 2244, this one-year limitation period during which a habeas petition must be filed begins to run, with certain exceptions which do not apply here, after the completion of direct review of the judgment of the state court.  Id.  Furthermore, § 2244(d)(2) provides in relevant part that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." See 28 U.S.C. § 2244(d)(2).

In the present case, the judgment of conviction became final prior to April 24, 1996, the effective date of the AEDPA.  Therefore, petitioner had one-year after the AEDPA's effective date, plus any time during which the period of limitation was tolled, to file a § 2254 petition.  See Swartz v. Meyers, 204 F.3d 417, 419-20 (3d Cir. 2000); Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 617-18 (3d Cir. 1998); Burns v. Morton, 134 F.3d 109, 111 (3d Cir.

1998).

Petitioner filed his first PCRA petition on May 14, 1993, see Pa. Super. Ct. Op. filed 10/16/01, at 2, and that petition was pending until January 30, 1997, when the time for filing a petition for allowance of appeal in the Supreme Court of Pennsylvania expired.[2] See Pa. R. App. P. 1113(a) (petition for allowance of appeal in Pennsylvania Supreme Court must be filed within 30 days of the Superior Court's Order); Swartz, 204 F.3d at 224-25. Under the habeas statute as amended by the AEDPA, the time during which petitioner's first PCRA petition was pending should not be counted in calculating the period of limitation. See 28 U.S.C. § 2244(d)(2); Swartz, 204 F.3d at 420. Therefore, the AEDPA's period of limitation was tolled from the date the AEDPA took effect (April 24, 1996) until January 30, 1997, when petitioner's first application for post-conviction relief was no longer pending. Id. at 420; see also Lovasz v. Vaughn, 134 F.3d 146, 149 (3d Cir. 1998) (holding that under § 2244(d)(2), because petitioner's second PCRA petition was pending in state court when the AEDPA took effect, the habeas limitations period was tolled during the time of pendency).

Since the period of limitation began to run on January 30, 1997, see Swartz, 204 F.3d at 419-20; Miller, 145 F.3d at 617-18, by the time petitioner filed his second PCRA petition on April 29, 1997, see Pa. Super. Ct. Op. filed 10/16/01, at 2, almost three months of the one-year limitation period had elapsed, leaving a little more than nine months remaining. See, e.g., Burns 134 F.3d at 111. Petitioner's second PCRA petition was pending until February 11, 1998, when

---

2. The Pennsylvania Superior Court affirmed the denial of the PCRA petition on Dec. 31, 1996. See Pa. Super. Ct. Op. filed 10/16/01, at 2 (citing Commonwealth v. Perez, 697 A.2d 277 (Pa. Super. 1996) (table)), and petitioner did not file a request for allowance of appeal in the Pennsylvania Supreme Court related to his first PCRA petition, see supra note 1; see also Pa. Super. Ct. Op. filed 10/16/01, at 2.

the time for filing an appeal to the Pennsylvania Superior Court expired.[3]  See Pa. R. App. P. 903(a) (appeal must be filed within 30 days after the entry of the Order from which the appeal is taken).  Therefore, the period of limitation was tolled from April 29, 1997 until February 11, 1998.  See Swartz, 204 F.3d at 420.  Consequently, when the limitation period began to run again on February 11, 1998, petitioner had approximately nine months to file his § 2254 petition.

      Petitioner did not file his third PCRA petition until May 24, 2000, see Pa. Super. Ct. Op. filed 10/16/01, at 2, more than two years after February 11, 1998 and well after the expiration of the AEDPA's period of limitation.  Therefore, the third PCRA petition had no tolling effect on the limitation period.  See, e.g., Lomazoff v. Walters, 1999 WL 744331, at *3 (E.D. Pa. Sep. 23, 1999) ("no petition filed after August 1, 1998 could have had tolling effect since the one-year limitation would in any event have already expired").

      Petitioner did not file the present habeas petition until, at the earliest, August 15, 2002,[4] more than four and a half years after February 11, 1998 and more than three and a half years after the AEDPA's period of limitation expired.  Since petitioner failed to file his § 2254 petition within the one-year limitation period, the petition was not timely filed.  See Miller, 145 F.3d at 617-18; Burns, 134 F.3d at 111; see also Brown v. Cuyler, 669 F.2d 155, 157 (3d Cir. 1982) (petitioner has burden of proving all facts entitling him to a discharge from custody as well as

---

3. The PCRA Court dismissed petitioner's second PCRA petition on Jan. 12, 1998, and no appeal was filed from the PCRA Court's Order.  See Pa. Super. Ct. Op. filed 10/16/01, at 2.

4. In Burns, 134 F.3d at 113, the Court of Appeals for the Third Circuit held that a pro se prisoner's federal habeas petition is deemed "filed" at the moment he delivers it to prison officials for mailing to the district court.  Here, petitioner signed his habeas petition on Aug. 15, 2002.  See Hab. Pet. at 12.  Therefore, he could not have delivered the petition any earlier than that date.

demonstrating that he has met all procedural requisites entitling him to relief).

Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts provides: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  In the present case, for the aforementioned reasons, it plainly appears that petitioner is not entitled to habeas relief.  Therefore, the petition should be summarily dismissed pursuant to Rule 4.

My Recommendation follows.

## R E C O M M E N D A T I O N

AND NOW, this _____ day of October, 2002, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, for the reasons given in the accompanying Report, IT IS RECOMMENDED that the habeas petition be SUMMARILY DISMISSED.

---

DIANE M. WELSH
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARCUS PEREZ                    :        CIVIL ACTION
                                :
     v.                         :
                                :
DONALD VAUGHN, et al.           :        NO. 02-4602

O R D E R

AND NOW, this       day of                  , 2002, upon consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Diane M. Welsh, it is hereby ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED;

2. The Petition for Writ of Habeas Corpus is SUMMARILY DISMISSED.

BY THE COURT:

THOMAS N. O'NEILL, JR., J.