IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARCUS PEREZ                           :    CIVIL ACTION
                                       :
    v.                                 :
                                       :
DONALD VAUGHN, et al.                  :    NO. 02-4602

ORDER

By Order filed December 4, 2002, this Court approved and adopted the October 23, 2002 Report and Recommendation of United States Magistrate Judge Diane M. Welsh and summarily dismissed petitioner's habeas petition as untimely filed. The December 4, 2002 Order, however, inadvertently omitted a determination as to whether a certificate of appealability ("COA") should issue as required by the Third Circuit's Local Appellate Rule 22.2.[1] Consequently, by Order filed in this Court on January 9, 2003 and consistent with Rule 22.2, the Clerk of the Court of Appeals remanded the case to this Court for the sole purpose of deciding whether a certificate of appealability should issue.

The Court may issue a certificate of appealability only if petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether

---

1. Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals for the Third Circuit requires that at the time a final order denying a habeas petition is issued, the district judge make a determination as to whether a COA should issue. Rule 22.2 further provides that if an order denying a habeas petition "is accompanied by an opinion or a magistrate judge's report, it is sufficient if the order denying the certificate references the opinion or report."

the court was correct in its procedural ruling. Woods v. Kearney, 215 F. Supp.2d 458, 464 (D. Del. 2002) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484; see Woods, 215 F. Supp.2d at 464. For the reasons discussed in the October 23, 2002 Report and Recommendation, petitioner filed an untimely habeas petition under 28 U.S.C. § 2244(d)(1). Since the Court finds that reasonable jurists would not debate otherwise, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability should not issue. See, e.g., Woods, 215 F. Supp.2d at 464 (finding that certificate of appealability should not issue where habeas petition was barred by the one-year period of limitation under 28 U.S.C. § 2244(d)(1)); Thomas v. Carroll, 2002 WL 1858778, at *4 (D. Del. July 30, 2002) (same).

 Accordingly, AND NOW, this _____ day of January, 2003, it is ORDERED that a certificate of appealability shall not issue.

_____
THOMAS N. O'NEILL, JR., J.